IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald E. Highsmith, | No. CV-10-732-PHX-EHC (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Yolanda Elliot, et. al, | |
| Respondents. | |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1, challenging his sentence imposed pursuant to his guilty plea in Arizona Superior Court, Maricopa County Cause Number CR2002-007348.  Respondents have filed an Answer, doc. 9, to which Petitioner has replied, doc. 14.  As discussed below, the Petition should be dismissed as untimely.

**I. Background**

**A. Charges, Plea, and Sentencing**

On May 16, 2002, the State of Arizona charged Petitioner by Information with two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs ("Aggravated DUI"), both class 4 felonies.  (Respondents' Exh. A)  The State subsequently amended the Information to allege six historical prior felony convictions.  (Respondents' Exh. B)  On November 19, 2004, Petitioner plead guilty, pursuant to a plea agreement, to one count of aggravated DUI with one prior felony conviction.  (Respondents' Exh. C)   The agreement provided that Petitioner would be

sentenced to 7.5 years' imprisonment. (*Id.*)

In accordance with the plea agreement, the court[1] sentenced Petitioner to 7.5 years' imprisonment on December 20, 2004. (Respondents' Exh. D) The court provided Petitioner with a Notice of Rights of Review After Conviction and Procedure, informing Petitioner that post-conviction proceedings must be commenced within 90 days of the entry of judgment and sentence. (Respondents' Exh. E)

### B. Rule 32 "of-right" Proceeding

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained the right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4. On February 11, 2005, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. F) Petitioner's appointed counsel subsequently filed a notice stating that she had reviewed the record and could find no claims to raise in post-conviction proceedings. Counsel also requested an extension of time for Petitioner to file a *pro se* petition. (Respondents' Exh. G) On July 27, 2005, the court granted the request gave Petitioner 45 days from the order (September 12, 2005) to file a *pro se* petition. (Respondents' Exh. H) Petitioner did not file a petition within the deadline and, on October 24, 2005, the court dismissed the Rule-32 proceeding on that basis. (Respondents' Exh. I) Petitioner did not file a timely petition for review of the Superior Court's ruling in the Arizona Court of Appeals.

After the time for seeking appellate review expired, on December 23, 2005, Petitioner filed a motion to reinstate post-conviction relief with the trial court which the court summarily denied. (Respondents' Exh. J)

### C. Second Petition for Post-Conviction Relief

On July 27, 2007, Petitioner filed second notice of post-conviction relief. (Respondents' Exh. L) On September 4, 2007, the court dismissed the notice as untimely.

---

[1] The Honorable Ronald S. Reinstein presided.

(Respondents' Exh. M)  The court also noted that Petitioner's claims were precluded pursuant to Ariz.R.Crim.P. 32.2(a).  (*Id*.)  Petitioner sought appellate review of the trial court's dismissal of the petition. (Respondents' Exh. N) The appellate court summarily dismissed the petition for review on October 21, 2008.  (Respondents' Exh. O)   Petitioner sought review in the Arizona Supreme Court which was summarily denied on April 7, 2009. (Respondents' Exh. P, Q)

**D. Federal Petition for Writ of Habeas Corpus**

On April 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1)  Respondents assert that the Petition should be dismissed as untimely.  Respondents alternatively argue that Petitioner's claims are procedurally barred.  Petitioner has filed a reply.  As discussed below, the Petition is untimely and should be dismissed on that basis.

**II.  Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of-

(A) the date on which the judgment became *final by the conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d) (emphasis added).

**A. "Final by Conclusion of Direct Review"**

To assess the timeliness of the Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  Significant to that determination is that, by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.  A.R.S. § 13-4033(B).  Petitioner, however, retained the right to seek review in an "of-right"

- 3 -

proceeding pursuant to Ariz.R.Crim.P. 32.  Ariz.R.Crim.P. 32.1, 32.4.  For an Arizona non-capital defendant who pleads guilty, such as Petitioner, the conviction becomes "final by the conclusion of direct review" at the conclusion of the "of-right" post-conviction proceeding under Arizona Rule of Criminal Procedure 32.  *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1).")  Because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."  *Summers*, 418 F.3d at 711.  Here, Petitioner pleaded guilty and was sentenced on December 20, 2004.  Under Arizona law, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of post-conviction relief under Rule 32.  Ariz.R.Crim.P. 32.1, 32.4(a) (stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.").

Petitioner filed a timely notice of Rule-32 review on February 11, 2005.  On October 24, 2005, the trial court dismissed the Rule 32 of-right proceeding.[2]  After the trial court dismissed Petitioner's Rule 32 of-right proceeding, Petitioner had thirty days within which to petition the appellate court for review.  Ariz.R.Crim.P. 32.9(c).  Petitioner did not seek appellate review of the trial court's order dismissing his Rule 32 of-right proceeding.

---

[2] After the deadline for seeking appellate review of the denial of his petition for post-conviction relief, on December 23, 2005, Petitioner filed a motion for reconsideration in the state court. (Respondents' Exh. J) Pursuant to Ariz.R.Crim.P. 32.9(a), Petitioner was required to file a motion for rehearing within 15 days after the order dismissing his Rule 32 proceeding. Petitioner's motion for rehearing as untimely. Even assuming Petitioner's motion for rehearing would be considered an "application for State post-conviction . . . review", it was not a properly filed petition for post-conviction relief and does not toll the limitations period. 28 U.S.C. § 2244(d)(2).

- 4 -

Accordingly, his conviction became "final by conclusion of direct review" on November 28, 2005, when the time for seeking review of the denial of his Rule 32 of-right petition expired. *Summers*, 481 F.3d at 711; Ariz.R.Crim.P. 32.9(c).

Thus, the AEPDA limitations began to run on November 28, 2005 and concluded a year later on November 28, 2006. Petitioner did not file his § 2254 petition until April 8, 2010, after expiration of the one-year limitations period. Accordingly, absent tolling, it is untimely.

**B. Tolling the Limitations Period**

**1. Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2) (the AEDPA's limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (stating that "in Arizona, post-conviction 'proceedings begin with the filing of the Notice'. . . . Thus, where notice is *filed in conformity with* the pertinent Arizona statutory provisions and contains a specific prayer for relief in the form of a request for a new trial, 'it is sufficient to toll the AEDPA statute of limitations.'") (emphasis added).

As previously stated, the AEDPA limitations period commenced on November 28, 2005, upon the conclusion of Petitioner's Rule 32-of right proceeding, and expired one year later. Nearly two years after the one-year limitations period expired, Petitioner filed a second notice of post-conviction relief on July 27, 2007. Because the AEDPA statute of limitations had already run by the time Petitioner commenced his second post-conviction action, statutory tolling will not save his Petition. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot

"revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" *Johnson v. Galaza*, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1 (N.D.Ca., Feb. 7, 2001) (quoting *Rashia v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). *See also*, *Brinkley v. Tilton,* 372 Fed.Appx. 732, 733 (9th Cir. 2010) (finding "no basis to apply statutory tolling because the one-year limitations period had already expired by the time [petitioner] filed his first state petition."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed.").

Moreover, the state trial court noted that Petitioner's second notice of post-conviction relief was untimely under Arizona law, and found that Petitioner's claims did not satisfy any exception to the time limit for filing a Rule 32 petition. (Respondents' Exh. M) Thus, Petitioner's second notice of post-conviction relief was not properly filed and could not have tolled the limitations period even if it had not already expired. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).").

In summary, the limitations period expired on November 28, 2006. Petitioner's Petition for Writ of Habeas Corpus, filed on April 8, 2010, is untimely and the Court need not reach the merits of Petitioner's claims unless he establishes a basis for equitable tolling.

**2. Equitable Tolling**

Section 2244(d)'s limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560 (2010); *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009). A petitioner is entitled to equitable tolling only if he establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "The diligence required for equitable tolling purposes is

reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted).

No circumstances in this case support a finding that Petitioner pursued his rights diligently. Petitioner was given 45 days to file a *pro se* petition during his Rule 32 of-right proceeding. After waiting almost another 45 days after the expiration of the 45-day deadline for filing a *pro se* Rule -32 Petition, the court dismissed the Rule 32 of-right proceeding based on Petitioner's failure to file a petition. Petitioner argues that he elected not to file a Rule 32 petition because he "could find no grounds that he felt had 'merit' and anything he would have filed would have been frivolous." (Doc. 14 at 5) Petitioner's admission that he intentionally chose not to file a timely Rule-32 petition because he thought he did not have any meritorious claims to raise does not support the application of equitable tolling in this case. Even if Petitioner's assessment of the strength of his claims was based on the Notice of Review filed by Rule-32 counsel, that notice specifically requested additional time for Petitioner to file a *pro se* petition. After counsel informed the court that she could find no claims to raise on post-conviction review, the court designated her "advisory counsel" and gave Petitioner 45 days from the date of the Court's Order to file a *pro se* petition. The court warned Petitioner that failure to file a timely *pro se* Rule-32 petition may result in dismissal. Thus, Petitioner should have been aware that, regardless of advisory counsel's assessment of his case, he could file a *pro se* petition and that he must do so within the 45-day deadline. Petitioner, however, chose not to do so and the court dismissed his Rule-32 proceeding for failure to litigate on October 24, 2005. Petitioner did not seek appellate review but, instead, filed an untimely motion for reconsideration in the trial court, which was denied.

Petitioner waited nearly two nearly years before attempting to bring a second Rule-32 proceeding on July 27, 2007. The trial court dismissed the second Rule-32 proceeding as untimely, and review was ultimately denied by the Arizona Supreme Court on April 7, 2009. (Respondents' Exhs. N. O, P) Petitioner then waited nearly one year before filing a federal

- 7 -

petition for writ of habeas corpus.  In view of Petitioner's complete failure to file a petition in his Rule 32 of-right proceeding, his failure to seek appellate review of the denial of his Rule 32 of-right proceeding, the long delay before his second attempt to pursue Rule 32 relief, and the one-year delay after denial of his second post-conviction action before he filed the pending Petition, this is not a case where Petitioner has been diligently pursuing his rights.  *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that equitable tolling only applies "where 'external forces, rather than a petitioner's lack of diligence account for the failure to file a timely claim.").

Additionally, Petitioner has not offered any extraordinary circumstance which prevented him from filing a timely petition for writ of habeas corpus.  *Pace*, 544 U.S. at 418.  Petitioner asserts that, for an unspecified period of time after the denial his Rule 32 of-right proceeding in 2005, he did not have access to his "legal materials" due to apparent prison transfers ("moves").  (Doc. 14 at 3)  Petitioner does not described the legal materials he could not access, and does not provide the dates he was without such materials.  Moreover, Petitioner's arguments pertains to his need for assistance from another inmate to file his motion to reinstate his Rule 32 of-right proceeding in December 2005.  Petitioner does not explain how the unspecified lack of access to his legal materials impeded his ability to file a timely petition for writ of habeas corpus in federal court.  Additionally, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period.  "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'"  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).  Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief.  Such circumstances are not extraordinary and do not justify tolling the limitations period.  "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period

would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, No. 1:06-cv-00808-AWI-TAG HC, 2008 WL 928252, * 4 (E.D.Cal. April 4, 2008), *Report and Recommendation Adopted by*, *Bolanos v. Kirkland*, 2008 WL 1988878 (E.D.Cal. May 05, 2008). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling); *Marsh*, 223 F.3d at 1220 (holding that delays caused by prison inmate law clerk and law library closures do not justify equitable tolling). Likewise, Petitioner's lack of legal assistance is not an extraordinary circumstance. *See Ballesteros v. Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927, * 5 (D.Ariz., February 26, 2007) (noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances) (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)).

Petitioner has failed to present any circumstance that would justify equitably tolling the AEDPA statute of limitations. Accordingly, his § 2254 Petition should be denied as untimely and the Court need not reach Respondents' alternative argument that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

**III. Conclusion**

In summary, because the Petition for Writ of Habeas Corpus is untimely and Petitioner has not established any basis for avoiding the AEDPA limitations period, the Petition should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, doc. 1, be **DENIED.**

1  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have seven days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of November, 2010.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge